FILED
July 03, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002753766

LAW OFFICES OF MARY ELLEN TERRANELLA
Mary Ellen Terranella - State Bar No. 99272
1652 W. Texas Street
Fairfield, California 94533
(707) 428-1778
Facsimile (707) 446-6777

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

In the Matter of

GINA COOPER

Respondents

Case No. 10-32967-C-7

Chapter 7

Docket Control No. MET - 1

DECLARATION OF DEBTOR IN SUPPORT OF MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF THE ESTATE

Date: July 20, 2010
Time: 9:30 AM
Courtroom: 35, 6th Floor
Judge: Hon. Christopher Klein

I, Gina Cooper, declare as follows:

1.	I am the debtor herein who filed case number 10-32967-C-7 on May 17, 2010.

2.	My ex-husband and I acquired 651 E. Travis Boulevard, Fairfield, California through a 1061 property exchange. The lender who financed the purchase required ownership to be held as a partnership, as the property was a commercial building (apartments). When my ex-husband

and I divorced, Orchard Crossing Apartments LP was amended to provide for me to be the 99.998% co-General Partner, Orchard Crossing, Inc. to be the Managing General Partner WITH .001% interest, and my mother, Mardee Smith, to have the remaining .001% interest

3. The property has significant deferred maintenance. The City of Fairfield holds the second note and deed of trust on the property. Financing was given by the City in part because I agreed to provide safe, low income housing. The City performs an annual inspection of the property and gives us a list of required repairs. We currently have until 2011 to complete an extensive list of repairs identified by the City. The repairs total in excess of $75,000.00. There are also back property taxes on the property, exceeding $250,000.00, which must be paid by 2012 to avoid a lien sale.

4. I manage the apartments, and also have an on-site manager. I am disabled, and depend on my current husband to assist me in the day to day maintenance of the apartments. My husband does not take a salary for assisting me in the management of the apartments. I have taken a pay cut over the past 6 months so that necessary repairs can be made. I cannot afford to reduce my pay any more than I already have. The Trustee apparently believes my income is not income, but some sort of "distribution". The accountant who prepares my taxes apparently utilizes a provision of the Internal Revenue Code that allows "repayment of invested funds" to be non-taxable. I can attest that I do, in fact, work at the apartments every day and consider it my job. My accountant is simply utilizing the current state of the tax laws; that does not change the nature of my job. If necessary, both my husband and I could be added to the payroll. However, that would be an additional expense to the apartments that we can ill afford.

I declare under penalty of perjury that the foregoing is true and correct based upon my knowledge, information and belief.

Dated: 11-1-2010

_Gina Cooper_
Gina Cooper, Debtor