J. RUSSELL CUNNINGHAM, State Bar #130578
ERIC R. GASSMAN, State Bar #260693
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

GINA COOPER

Debtor.

Case No. 10-32967-C-7
Chapter 7

DNL-2

Date: July 20, 2010
Time: 9:30 a.m.
Place: Courtroom 35
501 "I" Street, 6th Floor
Sacramento, CA 95814

## MOTION FOR TURNOVER

J. MICHAEL HOPPER ("Trustee") hereby moves for an order compelling the debtor to turnover her interest Orchard Crossing Apartments, LP ("OCA"), including all distributions made on account said interest. In support thereof, Trustee respectfully represents:

1. This case was commenced by the filing of a voluntary Chapter 7 petition on May 17, 2010 by the debtor.

2. Trustee is the duly appointed Chapter 7 Trustee.

3. Schedule B, Question 14, discloses a 99.998% general partnership interest in OCA, represents liabilities to exceed assets, and represents value to be $1.00.

4. Schedule C claims a $1.00 wild-card exemption against OCA.

5. Schedule I represents that the debtor is disabled, without dependents, and has 2

1

sources of income: (a) $8,500 regular monthly income from operation of business; and (b) $1,351 Social Security monthly disability benefit.

6. Schedule J represents the debtor's living expenses to be $11,668 per month, including: (a) $3,594 mortgage; (b) $315 telephone; (c) $800 food; (d) $500 charitable contribution; and (e) $1,291 2006 Range Rover payment; and (f) $646 2005 Mercedes Benz SL500 payment.

7. Statement of Financial Affairs, Question 1 ("SOFA #1"), represents business income to be about: (a) $46,000 in 2010, to date; (b) $108,000 in 2009; and (c) $156,000 in 2008.

8. On June 23, 2010, the debtor testified at her 341 hearing that the business income disclosed in Schedule I and SOFA #1 is wholly derived from her interest in OCA, an investment she funded with $980,000 proceeds of sale of other real property.

9. On June 24, 2010, Trustee demanded turnover of the OCA and the distributions made on account thereof. To date, the debtor has not complied.

10. OCA is property of the debtor's bankruptcy estate. 11 U.S.C. Section 541(a)(1). The debtor's representation of value at $1.00, apparently based on liquidation estimates, omits the value of a positive $8,500 monthly cash flow. Since OCA is not of inconsequential value or benefit to the estate, the debtor is obligated to deliver to Trustee, and account for, such property or the value of such property. 11 U.S.C. Section 542(a).

WHEREFORE, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: July __, 2010      DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____

J. RUSSELL CUNNINGHAM
Attorneys for J. Michael Hopper, Chapter 7 Trustee

2