FILED
July 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002755677

J. RUSSELL CUNNINGHAM, State Bar #130578
ERIC R. GASSMAN, State Bar #260693
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

GINA COOPER

Debtor.

Case No. 10-32967-C-7
Chapter 7

DNL-2

Date: July 20, 2010
Time: 9:30 a.m.
Place: Courtroom 35
501 "I" Street, 6th Floor
Sacramento, CA 95814

### DECLARATION OF J. MICHAEL HOPPER IN SUPPORT OF MOTION FOR TURNOVER

I, J. MICHAEL HOPPER, declare that:

1. I am the duly appointed trustee for the above-captioned estate and could and would competently testify to the matters set forth in this declaration from my own personal knowledge.

2. This case was commenced by the filing of a voluntary Chapter 7 petition on May 17, 2010 by the debtor. Copies of the debtor's Petition, Schedules and Statement of Financial Affairs are attached as **Exhibit A**.

3. Schedule B, Question 14, discloses a 99.998% general partnership interest in Orchard Crossing Apartments, LP ("OCA"), represents liabilities to exceed assets, and represents value to be $1.00.

4. Schedule C claims a $1.00 wild-card exemption against OCA.

1

5. Schedule I represents that the debtor is disabled, without dependents, and has 2 sources of income: (a) $8,500 regular monthly income from operation of business; and (b) $1,351 Social Security monthly disability benefit.

6. Schedule J represents the debtor's living expenses to be $11,668 per month, including: (a) $3,594 mortgage; (b) $315 telephone; (c) $800 food; (d) $500 charitable contribution; and (e) $1,291 2006 Range Rover payment; and (f) $646 2005 Mercedes Benz SL500 payment.

7. Statement of Financial Affairs, Question 1 ("SOFA #1"), represents business income to be about: (a) $46,000 in 2010, to date; (b) $108,000 in 2009; and (c) $156,000 in 2008.

8. On June 23, 2010, the debtor testified at her 341 hearing that the business income disclosed in Schedule I and SOFA #1 is wholly derived from her interest in OCA, an investment she funded with $980,000 proceeds of sale of other real property.

9. On June 24, 2010, through counsel, I demanded turnover of the OCA and the distributions made on account thereof. To date, the debtor has not complied. A copy of the letter is attached as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 2nd day of July, 2010, at Sacramento, California.

_____
**J. MICHAEL HOPPER**